NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

ANTHONY LIVINGSTON,

      Petitioner

   v.

UNITED STATES OF AMERICA,

      Respondent

---

Civ. No. 23-2015 (RMB)

**OPINION**

BUMB, United States District Judge

    Petitioner Anthony Livingston, a prisoner at the Federal Correctional Institution in Pollock, Louisiana, is proceeding pro se with a Motion to Vacate Sentence under 28 U.S.C. § 2255. (Am. Pet., ECF No. 5.) For the reasons discussed below, the Court denies the Amended Petition in part as to Grounds One through Three and reserves judgment on Ground Four pending Respondent's submission of proposed language for an amended judgment.

I.    BACKGROUND

    Petitioner spent over seventeen years in federal prison for robbing eight banks between December 2000 and January 2001. *United States v. Livingston*, Nos. 21-3213, 21-3214, 2022 WL 16734500, at *1 (3d Cir. Nov. 7, 2022). On July 13, 2018, less than ninety minutes after getting off the bus from prison, he robbed again one

of the same banks. (*Id.*) Ten days later, he robbed a second bank and tried to rob yet a third. (*Id.*)

The police arrested Petitioner, and a grand jury indicted him on new federal bank robbery charges. Indictment at 1–3, *United States v. Livingston*, No. 19-19 (D.N.J. Jan. 9. 2019), ECF No. 14. Based on the same conduct alleged in the indictment, the U.S. Probation Office filed a petition charging Petitioner with violations of the terms of his supervised release imposed for each of the eight original bank robbery convictions. Pet. for Warrant or Summons for Offender Under Supervision, *United States v. Livingston*, No. 01-465 (D.N.J. July 26, 2018), ECF No. 62.

On May 24, 2019, a jury returned a guilty verdict on the new federal bank robbery charges. Verdict, *Livingston*, No. 19-19, ECF No. 58. This Court sentenced him to a 200-month term of imprisonment. J., *Livingston*, No. 19-19, ECF No. 79.

On November 22, 2021, Petitioner pled guilty to multiple violations of the terms of his supervised release. J., *Livingston*, No. 01-465, ECF No. 77. This Court sentenced him to forty-month terms for violating the supervised release terms attached to each of the eight original bank robberies. *See id.* The terms were run concurrently to each other to produce a total aggregate term of forty months for the supervised release violations, and the terms were run consecutive to the 200-month term for the substantive bank robbery convictions. *Id.*

2

Petitioner appealed both matters. *Livingston*, Nos. 21-3213, 21-3214, 2022 WL 16734500, at *1. The United States Court of Appeals for the Third Circuit consolidated the appeals and affirmed this Court's judgments of conviction and sentences. *Id.* Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On April 10, 2023, Petitioner initiated this matter by filing the instant petition to vacate his sentences. (*See* Pet., ECF No. 1.) On April 24, 2023, Petitioner submitted an amended petition raising four grounds for relief. (*See* Am. Pet., ECF No. 5.) Respondent filed an answer to the Amended Petition on July 12, 2023. (Answer, ECF No. 9.) Petitioner replied on July 24, 2023. (Reply, ECF No. 10.) Accordingly, the matter is ripe for determination.

II. DISCUSSION

A. Applicable Standards

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

>     attack, may move the court which imposed the
>     sentence to vacate, set aside or correct the
>     sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States,* 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

    B.   <u>No Evidentiary Hearing is Necessary to Decide Grounds One Through Three</u>

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-56 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015);

4

see also Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); see also United States v. Tuyen Quang Pham, 587 F. App'x 6, 8 (3d Cir. 2014); Booth, 432 F.3d at 546. Because Petitioner's claims in Grounds One through Three are without merit for the reasons expressed below, no evidentiary hearing is necessary to decide them.

    C.    <u>Grounds One Through Three of the Amended Petition</u>

The Court first addresses several related claims together. In Ground One, Petitioner contends that "[t]he Government did not present sufficient evidence . . . that the three banks were federally insured at the time of [the 2018] robberies." (Am. Pet. at 5.) In Ground Two, Petitioner alleges that his "trial counsel rendered ineffective assistance by failing to object to[,] or agreeing to a stipulation with the Government that[,] the banks were federally insured . . . ." (*Id.* at 6.) In Ground Three, Petitioner argues that his "trial counsel rendered ineffective assistance when he did not inform [Petitioner] of the stipulation agreement" stipulating that the banks were federally insured and that, "had counsel informed [him,] he would have accepted the Government's ten[-]year plea agreement offer before trial." (*Id.* at 8.)

For context, Section 2113, the federal bank robbery statute under which Petitioner was convicted, defines a bank as "any member bank of the Federal Reserve System, [ ] any bank, banking

5

association, trust company, savings bank, or other banking institution organized or operating under the law of the United States," and, relevant here, "*any institution the deposits of which are insured by the Federal Deposit Insurance Corporation*." 18 U.S.C. § 2113(f) (emphasis added). Thus, Section 2113 contains a jurisdictional element that can be satisfied, among other ways, by a showing that a bank's deposits are insured by the FDIC. *See id.*

Here, a review of the record conclusively shows that there was no stipulation agreement as to the jurisdictional element. Rather, the Government admitted evidence sufficient to support a finding that the banks' deposits were insured by the FDIC at the time of the 2018 robberies. For example, at trial, the Government admitted three FDIC certificates into evidence without objection from defense counsel with the obvious intention of satisfying the jurisdictional element. (*See* Answer Ex. A, at 689:24–691:9; Answer Exs. B to D.) The certificates clearly indicate that the deposits of each of the three banks Petitioner robbed were insured by the FDIC. (*See* Answer Exs. B to D.) Accordingly, Grounds One through Three of the Petition are patently meritless, and the Court denies Petitioner relief on them.

    C.   <u>Ground Four of the Amended Petition</u>

Finally, the Court turns to Petitioner's last remaining claim for relief. In Ground Four, Petitioner claims that "the District Court erred . . . when [it] imposed a 40[-]month term of

6

imprisonment that exceed[s] the original supervised release term of 36 months [in violation of] U.S.S.G. § 7B1.4." (Am. Pet. at 9.)

Taken literally, Ground Four is meritless. The sentencing guidelines that Petitioner cites are merely advisory and do not preclude a court from imposing a term of imprisonment that exceeds the underlying term of supervised release. *See United States v. Booker*, 543 U.S. 220, 246 (2005); *United States v. Folk*, 954 F.3d 597, 604 (3rd Cir. 2020); *United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007).

Nonetheless, Respondent, for its part, suggests that the Court might liberally construe Ground Four as asserting that the forty-month sentence for the supervised release violations exceeds the relevant statutory maximum. (Answer at 11.) If so, Respondent concedes that Petitioner is technically correct. (*See id.*)

The relevant statute provides: "The Court may . . . revoke a term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision . . . *except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony . . . .*" 18 U.S.C. § 3583(e)(3) (emphasis added). Here, Petitioner's eight original bank robberies, which resulted in his original terms of supervised release, constitute Class C felonies.  *See* 18 U.S.C. §

7

3559(a)(3) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more years, as a Class C felony . . . ."); 18 U.S.C. § 2113(a) (providing a maximum term of imprisonment of not more than twenty years for bank robbery). Thus, according to Respondent, upon revoking Petitioner's supervised release, Section 3583(e)(3) limited the Court to requiring Petitioner to serve up to two years, or twenty-four months, in prison for each of the eight original bank robberies, and, by imposing concurrent forty-month terms of imprisonment for violating the terms of supervised release attached to each of the eight original bank robberies, the Court violated Section 3583(e)(3). (Answer at 11.)

Nonetheless, Respondent suggests that there is a simple solution. (*See id.* at 11–12.) Respondent notes that the Third Circuit has held that district courts have discretion under 18 U.S.C. § 3584(a) to impose consecutive sentences upon revocation of concurrent terms of supervised release based upon the same violation conduct. (*See id.* at 11 (citing *United States v. Dees*, 467 F.3d 847, 851–52 (3d Cir. 2006).) Respondent also notes that a district court generally has discretion under Section 2255(b) to correct a sentence rather than performing a full resentencing. (*See id.* at 11–12); *see also Clark v. United States*, 76 F.4th 206, 210–11 (3rd Cir. 2023). Thus, Respondent proposes that the Court

8

correct Petitioner's sentence rather than carry out a full resentencing by directing that an amended judgment be entered that "stacks" or runs multiple shorter sentences consecutively to arrive at the same aggregate forty-month term of imprisonment for the supervised release violations without exceeding Section 3583(e)(3)'s two-year limit. (*See id.* at 11–12.)

The Court is inclined to agree with Respondent in this regard and grant the Petition in part as to Ground Four to correct the sentence by issuing an amended judgment.[1] Before it does, however, the Court will direct Respondent to submit proposed language for an amended judgment and provide Petitioner an opportunity to respond.

IV. CONCLUSION

For the reasons discussed above, the Court denies the Petition in part as to Grounds One through Three and reserves judgment on Ground Four pending the parties' submission of supplemental

---

[1] The Court need not consider Respondent's alternative argument that Petitioner procedurally defaulted on Ground Four. Although the Court generally agrees with Respondent that Petitioner defaulted on his claim and likely cannot meet his burden of demonstrating cause or prejudice to overcome the default, and, although this would ordinarily bar the Court from considering the claim, the Court nonetheless construes Respondent's briefing as demonstrating a willingness to waive the defense to the extent that the Court merely intends to correct the sentence as suggested by Respondent. As such, the Court deems the defense voluntarily waived but without prejudice to Respondent reasserting the defense at a later time should Petitioner oppose Respondent's proposed relief.

9

briefing as described above. An appropriate order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**

July 25, 2024

10